UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENT COOK, *et al.*,                    )
                    Plaintiffs,          )
                                         )
        v.                               )            Civil Action No. 3:25cv20 (RCY)
                                         )
DEPT. C. ROBINSON, *et al.*,             )
                    Defendants.          )
_____ )

**MEMORANDUM OPINION**

On January 14, 2025, Plaintiffs Brent Cook and Amy Boone ("Plaintiffs"), appearing *pro se*, submitted an application to proceed *in forma pauperis*, along with a proposed Complaint.  IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1.[1]  Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiffs qualify for *in forma pauperis* status.  Accordingly, Plaintiffs' IFP Application, ECF No. 1, is GRANTED, and the Clerk is DIRECTED to file Plaintiffs' Complaint.  However, the Court finds that Plaintiffs' Complaint suffers from defects that must be addressed before this action may proceed.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").  A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief

---

[1] Plaintiffs submitted a second application to proceed *in forma pauperis* on September 19, 2025.  Second IFP Appl., ECF No. 2.  Though both applications qualify Plaintiffs for *in forma pauperis* status, the Court will focus exclusively on the first *in forma pauperis* application and Complaint for the purposes of this order.  As such, Plaintiff's Second IFP Application, ECF No. 2, is DENIED as moot.

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to this statutory screening obligation, the Court has reviewed Plaintiffs' Complaint.

## I. BACKGROUND

On May 11, 2024, Plaintiffs were on the premises of Mr. Cook's former employer when they encountered Deputy C. Robinson of the Charles City County Sheriff's Office. Proposed Compl. 4. In their proposed Complaint, Plaintiffs allege:

- As Plaintiffs were "dumpster digging" on the premises of his former employer, Deputy C. Robinson arrived and "point[ed] a gun to us not identifying himself in a[n] aggressive [manner]…." *Id.*

- Deputy C. Robinson then performed an "illegal search without a[n] arrest" and with "no inventory" of Mr. Cook's car. *Id.* at 4-5.

- Deputy C. Robinson "stole cash and wire" Plaintiff had in his car. *Id.* at 5.

- Deputy C. Robinson's behavior was "overly aggressive" and "unnecessarily [e]ndanger[ed]" Plaintiffs' lives, which they find particularly offensive given that "dumpster digging" is "not illegal." *Id.*

Based on the factual allegations summarized above, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 against Deputy C. Robinson, Sheriff Jason T. Crawley, Ms. Michelle G. Johnson, and Matthew Miller. *Id.* at 2-3. Specifically, Plaintiffs allege violations of their Fourth, Fifth, Sixth, and Eighth Amendment rights. *Id.* at 4.

## II. ANALYSIS

Section 1983 creates a cause of action for a person who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983; *see Briggs v. Waters*, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006). Further, as this Court has explained, § 1983 "is a vehicle for the vindication of pre-existing federal rights rather than an independent source of substantive rights." *Moody v. City of Newport News*, 93 F. Supp. 3d 516, 529 (E.D. Va. 2015). In their proposed Complaint, Plaintiffs identify

those pre-existing federal rights as (1) Fourth Amendment right to be free from illegal search; (2) Fifth Amendment protection against government seizure; (3) Sixth Amendment right to face one's accuser; and (4) Eighth Amendment right to be free from excessive punishment. Proposed Compl. 5.

As a threshold matter, Plaintiffs provide no allegations whatsoever pertinent to three of the four named defendants: Sheriff Jason T. Crawley, Michelle G. Johnson, "Board of Supervisors," or Matthew Miller, "Dog Catcher." Aside from being listed as defendants in Part I.B. of Plaintiffs' proposed Complaint, *see* Proposed Compl. 2-3, these individuals are never again mentioned in Plaintiffs' proposed Complaint. As such, Plaintiff has not provided a factual basis to establish that these individuals, acting under color of state law, deprived Plaintiffs of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Because Plaintiffs' have not asserted any § 1983 claims against Defendants Sheriff Jason T. Crawley, Michelle G. Johnson, and Matthew Miller, the Court will DISMISS these defendants from the action entirely.

The Court now turns to the substance of Plaintiffs' claims, addressing each claim in turn.

**A. Fourth Amendment Illegal Search Claim**

Plaintiffs first state a Fourth Amendment illegal search claim arising out of Deputy C. Robinson's search of Plaintiffs' car. Proposed Compl. 8. Plaintiffs claim that the vehicle was searched without a warrant or probable cause. *Id.*

The Fourth Amendment forbids unreasonable searches and seizures. U.S. Const. amend. IV. While the Fourth Amendment generally requires that the government secure a warrant prior to conducting a search, there are exceptions to the warrant requirement. One such exception is the automobile exception. Pursuant to the automobile exception, law enforcement officers may

conduct a warrantless search of a vehicle if the officers have probable cause to believe the vehicle contains contraband or other evidence of illegal activity. *Chambers v. Maroney*, 399 U.S. 42, 48-49 (1970). The automobile exception accounts for the practical challenge of obtaining a warrant for a vehicle that could be quickly moved out of the jurisdiction, *Carroll v. United States*, 267 U.S. 132, 153 (1925), and the Supreme Court has further articulated that the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office, *South Dakota v. Opperman*, 428 U.S. 364, 367 (1976).

Thus, when police have probable cause to search a vehicle, the Fourth Amendment does not require a warrant. *See Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Because Plaintiffs allege that their car was searched without a warrant, Plaintiffs' illegal search claim turns on whether probable cause existed at the time of the search.

Reading the allegations contained in the proposed Complaint in the light most favorable to Plaintiffs, the Court finds that probable cause existed at the time of the vehicle search. When they encountered Deputy C. Robinson, Plaintiffs were on private property, apparently searching through Plaintiffs' former employer's dumpster. Proposed Compl. 8. Plaintiffs do not provide any information to suggest that they were permitted to be "dumpster digging" in the premises or otherwise were permitted to be on the property when Deputy C. Robinson arrived. *Id.* Further muddying Plaintiffs allegations is the fact that they do not specify which "items" they had "retrieved" from the former employer's property. *Id.* Thus, it is unclear whether Plaintiffs had a legal right to that property, or whether the property belonged to the former employer. *Id.* Given

these circumstances, it would be entirely reasonable for Deputy Robinson to believe that evidence of the alleged misconduct— entering the private property of another and removing items from that private property—would be found in Plaintiffs' vehicle. *Id.* Therefore, based on the record currently before the Court, the purportedly illegal search of Plaintiffs' vehicle likely falls within the Fourth Amendment's automobile exception, which in turn would be dispositive of this claim.

### B. Fifth Amendment Takings Claim

Next, Plaintiffs state a Fifth Amendment claim. Plaintiffs attest that the Fifth Amendment "protects from governmental abuse of power" and provides "compensation for property seizure." Proposed Compl. 8. This statement, in conjunction with Plaintiffs' allegations that Deputy C. Robinson stole items located in Plaintiffs' car, leads the Court to construe this claim as invoking the Fifth Amendment's Takings Clause.

The Fifth Amendment Takings Clause prohibits states from taking private property for public use without just compensation. *Knick v. Township of Scott*, 139 S. Ct. 2162, 2167 (2019). A government's duty to pay just compensation when it "physically takes possession of an interest in property" applies to both real and personal property. *Horne v. Dep't of Agric.*, 576 U.S. 350, 357–60 (2015). To state a claim for a violation of a plaintiff's rights under the Takings Clause, a plaintiff must allege facts showing that (1) he has a constitutionally protected property interest, (2) the state took the property for public use, and (3) he did not receive just compensation. *Sparks v. Johnson*, No. 7:08cv494, 2009 WL 1918255, at *1 (W.D. Va. June 30, 2009).

Here, Plaintiffs claim that Deputy C. Robinson took their personal property—cash and wire—from their vehicle during his illegal search. However, this is the extent of Plaintiffs' allegations. Plaintiffs fail to establish that any of the personal property taken from their vehicle

5

was converted for public use.  Therefore, even assuming Plaintiffs had a constitutionally protected property interest, they fail to plausibly plead this essential element of a Takings Clause claim, and accordingly, this claim will be DISMISSED.

### C. Sixth Amendment Confrontation Clause Claim

Plaintiffs' third claim seeks to enforce their Sixth Amendment rights.  Plaintiffs allege that Defendants violated their Sixth Amendment "right to face accuser."  Proposed Compl. 8. The Court construes this claim as implicating the Sixth Amendment's Confrontation Clause. The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against" him or her.  *See Pointer v. Texas*, 380 U.S. 400, 404 (1965).  "The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." *Barber v. Page*, 390 U.S. 719, 725 (1968).

Here, the record before the Court does not establish any proceedings or trial that resulted from the May 2024 incident that underlies this action.  The proposed Complaint contains no allegations beyond Plaintiffs' encounter with Deputy C. Robinson in the former employer's parking lot.  In the absence of allegations pertinent to a trial or other court proceedings, it is unclear to the Court how Plaintiffs' Sixth Amendment Confrontation Clause rights were implicated by this incident.  As such, Plaintiffs' Sixth Amendment Confrontation Clause claim will be DISMISSED.

### D. Eighth Amendment Excessive Fines Claim

Finally, Plaintiffs allege that Defendants violated their Eighth Amendment rights through "excessive fines" and "punishment."  Proposed Compl. 8.  The Court construes this claim as invoking the Eighth Amendment's Excessive Fines Clause.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amdt. 8.  The Excessive Fines Clause thus "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States,* 509 U.S. 602, 609–610 (1993), *see United States v. Blackman*, 746 F.3d 137, 144 (4th Cir. 2014).  Further, the Supreme Court has distinguished Eighth Amendment claims as arising "after ... the State ... has secured a formal adjudication of guilt[.]" *Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977).

Here, Plaintiffs do not state what the "excessive fines" specifically entailed, or what additional punishment was imposed upon them as a result of this incident.  Importantly, the allegations contained in the proposed Complaint do not go beyond the May 2024 encounter with Deputy C. Robinson.  Because Plaintiffs do not allege that the Defendants' conduct at issue occurred following a formal adjudication of guilt, Plaintiffs' Eighth Amendment necessarily fails. *See Mooney v. Logan Cnty. Comm'n*, 2025 WL 2027672 (S.D.W. Va. June 20, 2025), *report and recommendation adopted,* 2025 WL 2025373 (S.D.W. Va. July 18, 2025).  Given the absence of allegations detailing the "excessive fines" and punishment at issue and establishing that this punishment came following a formal adjudication of guilt, Plaintiffs' Eighth Amendment claim similarly must be DISMISSED.

### III. CONCLUSION

Having found that Plaintiffs have failed to state any claims upon which relief may be granted, the Court finds that dismissal of these claims is warranted. However, in deference to Plaintiffs' *pro se* status, the Court will ORDER Plaintiffs to SHOW CAUSE why these claims should not be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

_____
/s/
Roderick C. Young
United States District Judge

Date: October 20, 2025
Richmond, Virginia